VILLAGE OF DAVISON v. CARTWRIGHT.

BOUNDARIES—GOVERNMENT MONUMENTS CONTROL AS TO LOCATION OF STREET LINES.

Government monuments, which still remain, control as to the location of street lines, in the absence of evidence of user, rather than a measurement from the center of a railroad track which is subject to possible shiftings and variations through a long course of years.[1]

Appeal from Genesee; Parker (James S.), J. Submitted June 8, 1926. (Docket No. 6.) Decided October 4, 1926.

Bill by the village of Davison against John F. Cartwright to restrain an encroachment upon a street. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*A. J. Michelson,* for plaintiff.

*Daniel Heims,* for defendant.

WIEST, J. In this suit plaintiff seeks to have it decreed that defendant, in building a garage in the village of Davison, is encroaching on Mill street. Defendant appealed from a decree in the circuit fixing the lines of Mill street, finding his garage, as started, projects five feet into the street and ordering its removal.

It is agreed that Mill street is three rods wide. In locating this width of three rods plaintiff took the center line of a railroad track as the decisive base line, claiming such point was probably taken for such purpose when early plats were surveyed. Defendant contends the survey should be made from the government

[1]Boundaries, 9 C. J. § 94 (Anno).

monument at the north end of the plat, that being the corners of four sections.     Measuring from the center of the north track of the railroad, plaintiff claims, places the proposed garage five feet in the street. Measuring from the section corners, defendant claims, places the proposed garage outside the street.     The trouble here present arises because fences, buildings, and sidewalks have not marked the side lines of the street by user.

Plaintiff introduced the recorded plat of the village, surveyed in 1871, also a plat of an addition made thereto in 1884, and of another addition in 1890. The original plat extended north and south of the railroad right of way and noted distances of lot lines from the center of the railroad track as it then existed.     The plats of the additions did not go south of the railroad right of way.     We cannot accept the assumption that in any of the plats the railroad track was employed as a permanent monument from which measurements were run.     All the plats were made by the same surveyor, and it is clear, from the numbering of the blocks in the original plat, beginning at the point of the government monument at the corners of the four sections, that, from there, the survey proceeded south beyond the railroad track, with distances noted from the track to lot lines on both sides.     The government monument at the section corners is still there and measurements therefrom must control, in the absence of evidence of user, rather than from the railroad track, a thing subject to possible shiftings and variations through a long course of years.     In the plats of the additions to the village the descriptions by the surveyor expressly designated the starting point (excluding one-half of the highway) at the section corners, and if we are to indulge in an assumption with reference to the governing monument in the original plat we think it the wiser course to assume

that the same surveyor, in the first survey, did the very thing he expressly notes doing in the two subsequent surveys.

The proofs in the case leave too much to surmise and might and should have been more enlightening. What we say in no way determines acquired rights along accepted lot lines. What we do say is that the boundaries of this street are not to be fixed by measurements from the railroad track without reference to the permanent and existing government monument at the north edge of the plat. Upon this record we cannot locate the lines of Mill street at the point in suit.

The decree in the circuit is reversed and the bill dismissed, without prejudice, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.